**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC 20044-4403*

October 22, 2026

**VIA CM/ECF**

Susan E. Bindler, Clerk of Court
Office of the Clerk
United States Court of Appeals
for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

Re: *United States v. Simon*, *et al.*, No. 26-2679 (8th Cir.)—Response to League of Women Voters of Minnesota Appellees' Rule 28(j) Letter

Dear Ms. Bindler:

The United States submits this letter in response to the League of Women Voters of Minnesota's Letter filed October 15, 2026. In *Common Cause v. United States Department of Justice*, No. 1:26-cv-1352-SLS (D.D.C. Oct. 9, 2026), the district court "set[] aside and vacate[d]" the DOJ's so-called "Voter List Maintenance Policy" under the Administrative Procedure Act. Op. 77. The DOJ has appealed and sought a stay of that decision, which the United States does not interpret to impact this ongoing appeal. Doc. 57, at 2, 13 (No. 1:26-cv-1352-SLS). Only a few aspects of that decision are relevant to the questions before this Court regarding the demand for Minnesota's SVRL.

First, the *Common Cause* court held that the DOJ's "Title III demand letters" do not contain "a statement of the basis and the purpose therefor." Op. 48, 50-51 (citation omitted). However, the court did not discuss, let alone assess, the record in this case—including the particular letter, surrounding context, and correspondence. *See ibid.* The demand letter was sufficient. U.S. Br. 38-49.



Appellate Case: 26-2679 Page: 1 Date Filed: 10/22/2026 Entry ID: 5697671

Second, that court held that the DOJ violated the Privacy Act by using an inadequate SORN and collecting records that purportedly describe how individuals exercise their First Amendment rights. Op. 59-61, 71-73. These arguments are meritless. U.S. Br. 57-60.

Third, that court made two holdings relevant to the E-Government Act. *See* U.S. Br. 60-63. First, it held that the DOJ imposed "identical reporting . . . requirements" on 10 or more States. Op. 74-75 (quoting 44 U.S.C. 3502(3)). Demanding a copy of a pre-existing document does not impose a "reporting . . . requirement[]." Moreover, the letters to each State varied and asked for different information and so were not "identical." Op. 74. Second, that court held that the DOJ is engaged in a "general investigation[]," 44 U.S.C. 3518(c)(2), not one against "specific individuals or entities," 44 U.S.C. 3518(c)(1)(B)(ii), because the DOJ sent demands to numerous States. Op. 74-76. The word "specific" distinguishes between investigations targeting generic issues, like improving federal election laws, and investigations targeting identifiable (even if numerous) individuals or entities, like the investigation here.

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via CM/ECF)



Appellate Case: 26-2679 Page: 2 Date Filed: 10/22/2026 Entry ID: 5697671

## CERTIFICATE OF SERVICE

I certify that on October 22, 2026, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney